```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------- X
ROSEMARY KAZANJIAN,                                         :
                                                            :     **MEMORANDUM**
                                    Plaintiff,              :     **DECISION AND ORDER**
                                                            :
                - against -                                 :     09 civ. 3678 (BMC)
                                                            :
MICHAEL J. ASTRUE,                                          :
                                                            :
                                    Defendant.              :
                                                            :
----------------------------------------------------------- X
```

**COGAN**, District Judge.

Plaintiff's counsel moves for an award of attorneys' fees pursuant to 42 U.S.C. § 406(b), having successfully obtained a remand to the Commissioner of Social Security for the calculation of benefits only. I find that plaintiff's attorney performed well, diligently, and with unusual efficiency in this Court. I therefore grant the application.

### BACKGROUND

Plaintiff filed his own application for disability benefits in March of 2003, and retained counsel upon its denial in April 2003. Their retainer agreement provided that counsel's fee would "be limited to twenty-five percent (25%) of past-due benefits … or $2,000.00, whichever is greater," plus costs.

At the first hearing before an Administrative Law Judge in November, 2005, plaintiff received a partially favorable decision. He appealed it through his counsel and counsel filed a new application in October, 2006. That resulted in a hearing before an ALJ in January, 2008, which resulted in a denial of the application. The Appeals Council vacated that decision, and a

new hearing was held and the application again denied in June, 2008, which the Appeals Council affirmed one year later.

Plaintiff then brought this action and, upon review of the parties' cross-motions for summary judgment, I remanded the case for the calculation of benefits only, finding that no reasonable view of the record could support a finding of non-disability. Kazanjian v. Astrue, No. 09 Civ. 3678, 2010 WL 3394385 (E.D.N.Y. Aug. 25, 2010). The parties thereafter stipulated to plaintiff's recovery of attorney's fees in the amount of $3456.25 and costs of $350 under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412, which were paid to plaintiff's attorney.

Upon remand, the Commissioner calculated plaintiff's past-due benefits at $192,256.00. Twenty-five percent of that, or $48,064.00, is being withheld pending this Court's Order on the present application, and it is that amount, less the amounts previously received under EAJA, for which plaintiff's counsel is applying under §406(b).

**DISCUSSION**

Section 406(b)(1) of the Social Security Act ("SSA") provides that "[w]henever a court renders a judgment favorable to a claimant ... the court may determine and allow as part of its judgment a reasonable fee ... not in excess of 25 percent of the total of the past-due benefits." 42 U.S.C. § 406(b)(1). An award under §406(b) requires satisfaction of three elements: (1) a judgment in favor of the claimant; (2) the fee must be awarded as part of the court's judgment; and (3) the fee must not exceed twenty-five percent of the total amount of past-due benefits rewarded to the claimant. See id. The Second Circuit has held that, subject to the 25% limitation, a court may enforce a contingent fee arrangement in an SSA case unless the court finds it to be otherwise unreasonable. Wells v. Sullivan, 907 F.2d 367, 371 (2d Cir. 1990) (citing McGuire v. Sullivan, 873 F.2d 974, 981 (7th Cir. 1989)). In determining whether an award

2

under Section 406(b) is reasonable, courts have considered numerous factors, including: (1) whether the retainer was the result of fraud or overreaching; (2) whether the attorney was ineffective or caused unnecessary delay; (3) whether the fee would result in a windfall to the attorney in relation to the services provided; and (4) the risk of loss the attorney assumed by taking the case. See Wells, 907 F.2d at 372.

The Commissioner, in performance of his role akin to that of *amicus curiae*, see id., has recommended an unspecified reduction of the requested fee, principally on two grounds: (1) the time records submitted by plaintiff's counsel only show work at the administrative level (the compensation he receives under §406(b) must be based on work he has done in the district court); and (2) if plaintiff's counsel did submit the time records for district court work, they would show a total of 19.75 hours spent[1] – this would result in an imputed hourly fee of $2100, which the Commissioner believes would be a windfall. Neither point has merit.

Plaintiff's counsel has now submitted his time records, which resolves the first point. The second point is resolved because the time slips in fact show 19.75 hours on the federal court aspects of this case. That is somewhat remarkable. In less than 20 hours, plaintiff's counsel was able to draft a detailed, case-specific (i.e., non-boilerplate) complaint; a moving brief; a reply brief; conduct a review of the record and the Commissioner's opposition brief; and perform all of the various and sundry tasks and communications attendant to those efforts. The level of efficiency is even more impressive considering the complexity of this administrative record, covering three administrative hearings. In addition, it must be remembered that plaintiff's counsel obtained a remand for calculation of benefits only, thus avoiding substantial additional time that both he and the Commissioner would have had to expend if plaintiff's counsel had only

---

[1] Plaintiff's counsel had previously served his time records on the Commissioner in connection with his EAJA application, but they were not filed because the parties' stipulated to the EAJA fee award.

3

obtained a remand for a new hearing on the merits.  When I add to the mix the particularly focused briefing that plaintiff's counsel submitted, zeroing in on the key issues in a succinct and, indeed, captivating manner, rather than simply reiterating a list of medical test results and offering the boilerplate legal principles that often constitute briefing in these review cases, the conclusion is unavoidable that plaintiff's counsel did a first rate job in terms of both quality and efficiency.

By way of comparison, the Assistant U.S. Attorney is aware of another §406(b) application I ruled on last week (because the same AUSA appeared in that case), in which I reduced the 25% maximum contingent fee to 12.5%.  That attorney put in approximately the same amount of time in the district court as plaintiff's attorney here.  Yet the only substantive work that the attorney performed in the district court in that case was the issuance of a boilerplate complaint and the execution of a stipulation of remand that the Commissioner had prepared.  See Tantillo v. Barnhart, No. 04 Civ. 2223, 2011 WL 2680536 (E.D.N.Y. July 8, 2011).

For this reason, the Commissioner's point about a $2100 per hour imputed rate based on plaintiff's counsel's 19.75 hours' work constitutes an effective case in point of why imputed hourly rates are frequently misleading in these cases.  Forty hours or even more would not have been too much for the level and quality of productivity presented here.  If plaintiff's attorney had been less than extraordinarily efficient, his imputed hourly rate would obviously be significantly reduced.  Plaintiff's attorney should not, however, be penalized for being efficient, which is exactly what I would be doing if I cut his requested fee.  See Maguire v. Barnhart, No. 05-CV-2905, 2009 WL 2601308, at *2 (E.D.N.Y. Aug. 20, 2009); Maier v. Apfel, No. 95 Civ. 9264, 1998 WL 401536, at *2 (S.D.N.Y. July 17, 1998).  Moreover, courts within this district also

4

recognize that there will be some number of cases in which plaintiffs' attorneys receive no fee at all (because their client does not prevail), and thus, as a result of the risks undertaken, an imputed hourly rate is often not helpful in determining the reasonableness of the requested fee. See Joslyn v. Barnhart, 389 F. Supp. 2d 454, 457 (W.D.N.Y. 2005).

Finally, I would note that plaintiff himself has submitted an affidavit supporting his attorney's request. That is not always done in these cases, and indeed, in Tantillo, the plaintiff was not even told of his attorney's §406(b) application and moved to set it aside after it was granted because he opposed it. In these cases, the money being paid to plaintiff's counsel comes out of the plaintiff's own pocket, and so plaintiff's satisfaction or dissatisfaction with his attorney's efforts is a point that should be considered. Since plaintiff's view in the instant case of the quality of his attorney's services confirms my own, this constitutes an additional basis for my conclusion that the claimed fee is reasonable.

## CONCLUSION

Plaintiff's motion [22] for attorneys' fees in the amount of $48,064.00, less $3456.25 previously received under EAJA, for a total of $44,607.75, is granted.

**SO ORDERED.**

Signed electronically/Brian M. Cogan
U.S.D.J.

Dated: Brooklyn, New York
July 15, 2011

5